UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ISRAEL STERN, ISRAEL STERN as
natural guardian of ZELDY STERN,
ISRAEL STERN as Guardian ad Litem of       **MEMORANDUM AND ORDER**
MARTIN STERN, and ISRAEL STERN as          Case No. 05-CV-5540 (FB)(RML)
Guardian ad Litem of DAVE STERN,

                Plaintiff,
    -against-

ABRAHAM STERN and WARREN L.
MILLMAN,

                Defendants.
---------------------------------------------------------x

*Appearances*
*For the Plaintiff:*                        *For Defendant Abraham Stern:*
PETER GORDAN, ESQ.                          FRANKLIN H. SNITOW, ESQ.
Gordon & Gordon, PC                         MARK HOLTZER, ESQ.
108-18 Queens Boulevard                     ORRIT HERSHKOVITZ, ESQ.
Forest Hills, New York 11375                Snitow Kanfer Holtzer & Millus, LLP
                                            575 Lexington Avenue, 14th Floor
                                            New York, New York 10022

                                            *For Defendant Warren L. Millman:*
                                            WARREN L. MILLMAN, *pro se*
                                            189 Montague Street
                                            Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

       In the wake of a contentious state-court divorce proceeding between his

mother and father, Israel Stern ("Israel") instituted the present action against his father,

Abraham Stern ("Abraham"), and Warren L. Millman ("Millman"), the law guardian

appointed by Virginia Yancey, then a justice of the New York Supreme Court, to represent

Israel's minor siblings. Alleging that then-Justice Yancey's custody award had been the

product of a corrupt bargain with Abraham and Millman, Israel asserted claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and, with respect to Millman, legal malpractice.

Following a pre-motion conference on defendants' proposed motion to dismiss, Israel withdrew his complaint. Defendants then moved for sanctions pursuant to Federal Rule Civil Procedure 11, 28 U.S.C. § 1927 and the Court's inherent authority. The Court held oral argument on the motions and allowed Israel's counsel a final opportunity to make additional submissions demonstrating why sanctions should not be imposed.

Since Israel withdrew his complaint before defendants made their motions, Rule 11 sanctions are not available. *See* Fed. R. Civ. P. 11(c)(1)(A) (affording parties 21-day "safe harbor" to withdraw allegedly frivolous pleadings). Having carefully considered Israel's counsel's post-argument submissions, the Court, in its discretion, declines to impose sanctions pursuant to § 1927 or its inherent authority. Accordingly, defendants' motions for sanctions are denied.

SO ORDERED.

/signed/

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 18, 2007